# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-1201-MSK-BNB

JOLENE SCHNEIDER and
BRENDA STROMAN,

                              Plaintiffs,

v.

WINDSOR-SEVERANCE FIRE PROTECTION DISTRICT, a/k/a WINDSOR-SEVERANCE FIRE RESCUE,

                              Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The Parties, by and through their undersigned counsel, stipulate and move the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c). ~~and as grounds therefore state as follows:~~

**IT IS ORDERED:**

1. The Parties anticipate confidential information may be relevant to the issues raised in this litigation. The disclosure of such information outside the scope of this litigation could result in injury to the privacy interest of one or more of the parties or its employees. In order to protect the confidentiality of this information, the Parties have entered into this stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of such information except as set forth herein.

2. "Confidential Information" means **information that is confidential and implicates common law and statutory privacy interests that is** ~~all documents produced from Plaintiffs' or Defendant's personnel records as well as any document, file, portions of files,~~

~~transcribed testimony, or response to a discovery request, including information that could reasonably be construed as an infringement upon Plaintiffs' right of privacy including for instance Plaintiffs' social security numbers, medical records, and personal data including financial and salary information, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and~~ designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as CONFIDENTIAL.

    3.    Information designated as CONFIDENTIAL shall first be reviewed by a lawyer and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed.R.Civ.P. 26(c).

    4.    Confidential Information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

    5.    Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

        (a)    attorneys actively working on this case;

        (b)    persons regularly employed or associated with the attorneys working on this case, including Defendant's insurer and claims adjuster(s);

        (c)    the Parties, including the Parties' employees, officers, directors and Board members actively participating in the litigation of this case;

    (d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

    (e) the Court and its employees ("Court Personnel"):

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    (g) videographers who are engaged in proceedings necessarily incident to the conduct of this case;

    (h) Dispute resolution providers including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution; and

    (i) other persons by written agreement of the parties.

  6. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, the Parties, Court Personnel, Dispute Resolution Providers, and stenographic reporters), counsel shall advise such person of this Protective Order and obtain from such persons agreement to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order.

  7. When Confidential Information is produced, disclosed, or otherwise provided by a party in response to any discovery request by a third party pursuant to a subpoena, or in discovery or otherwise produced in the course of this litigation it will be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.  With respect to electronically stored information, by labeling each document or file produced as "Confidential"

as a component of their Bates number designations.  The Parties may designate documents previously produced in the litigation to date as "Confidential" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "Confidential" by Bates numbers.

        8.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.  During the interim 30 day period, transcripts will be treated as "Confidential" under the terms of this Order.

        9.      **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. Submission of any Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in this Protective Order.~~

        10.     A party may object to the designation of certain information as CONFIDENTIAL within 14 days from the receipt of such document or information, by sending notice of such objection to the designating party in writing, identifying the confidential document, or information as to which objection is made. The designating party shall respond within 14 days from receipt of such notice. If the parties cannot agree with respect to the treatment to be

accorded the document or information that has been designated as CONFIDENTIAL, the designating party may seek a ruling from the Court with respect to that designation. The designating party shall sustain the burden of establishing the appropriateness of the classification under Fed.R.Civ.P. 26(c). The document or information shall continue to have CONFIDENTIAL status from the time it is produced until the ruling by the Court.

11. The inadvertent production by either Party of information subject to attorney-client privilege or work product immunity, or the inadvertent failure to designate information as CONFIDENTIAL, will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any Party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the Party producing such information.

12. This Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

14. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be kept confidential, and may be destroyed in accordance with each Party's document destruction policy.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

~~WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,~~

~~IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this _____ day of _____, 2013.~~

Dated March 15, 2013.

                                                   BY THE COURT:

                                                   s/ Boyd N. Boland
                                                   United States Magistrate Judge

**Form and Content Approved:**

| | |
|---|---|
| By: s/Rosemary Orsini | By: s/Mark C. Overturf |
| Rosemary Orsini | Mark C. Overturf |
| 370 17th Street, Suite 4800 | Stacy B. Spurlock |
| Denver, CO 80202 | 625 E. 16th Ave, Ste 100 |
| 303-592-8605 | Denver, CO 80203 |
| Attorney for Plaintiff | 303-860-2848 |
| | Attorneys for Defendant |